

```
                                                    FILED
                                                  MAY 27 2008
     IN THE UNITED STATES DISTRICT COURT    ROBERT D. DENNIS, CLERK
      FOR THE WESTERN DISTRICT OF OKLAHOMA  U.S. DIST. COURT, WESTERN DIST. OF OKLA.
                                            BY_____ DEPUTY
```

Jeremy V. Pinson, )
    Plaintiff, )
                       ) **CIV-08-556 HE**
v. )
                       )
Renee Watkins, ) CIVIL RIGHTS COMPLAINT
Sandra Bradford, ) pursuant to 42 U.S.C. § 1983
Cara Adney, )
Kim James, )
James Cotton, )
Tim O'Dell, )
Ron Ward, )
Okla. Dept. of Corrections, )
Corrections Corp. of America, )
    Defendants, )

## A. PARTIES

1. The Plaintiff, Jeremy Pinson, is an inmate confined at the United States Penitentiary in Victorville, California.

2. The defendant, Renee Watkins, was the Assistant Warden of the Cim--arron Correctional Facility in Cushing, Oklahoma at the time of the violation alleged in this complaint.

3. The defendant, Sandra Bradford, was a Case Manager at the Cimarron Correctional Facility in Cushing, Oklahoma at the time of the violation alleged in this complaint.

4. The defendant, Cara Adney, was a Unit Manager at the Cimarron Corr--ectional Facility in Cushing, Oklahoma at the time of the violations alleged in this Complaint.

5. The defendant, Kim James, was a Case Manager at the Cimarron Corr--ectional Facility in Cushing, Oklahoma at the time of the violations alleged in this complaint.

-1-

6. The defendant, James Cotton, was a Unit Manager at the Cimarron Correctional Facility in Cushing, Oklahoma at the time of the violations alleged in this Complaint.
7. The defendant, Tim O'Dell, was the Warden of the Cimarron Corr--ectional Facility in Cushing, Oklahoma at the time of the violations alleged in this Complaint.
8. The defendant, Ron Ward, was the Director of the Oklahoma Dept. of Corrections in Oklahoma City, Oklahoma at the time of the violations alleged in this Complaint.
9. The defendant, Oklahoma Department of Corrections, was the agency having custody of the Plaintiff at the time of the violations alleged in this complaint.
10. The defendant, Corrections Corporation of America, was the entity which operated the Cimarron Correctional Facility in Cushing, Oklahoma at the time of the violations alleged in this Complaint.
11. All defendants were acting under color of state law at the time the violations alleged in this Complaint.

## B. JURISDICTION

Jurisdiction is asserted pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983.

## C. BACKGROUND

In March, 2004 the Plaintiff was convicted of 6 counts of embezzle--ment in the District Court of Oklahoma County, Oklahoma and sent--enced to 3 years imprisonment in the Oklahoma Department of Correc--tions. In February 2005 the Plaintiff was transferred to the Cim--arron Correctional Facility in Cushing, Oklahoma by the Okla. Dept. of Corrections. Within a short time of arrival the Plaintiff who is homosexual was forced to live with African American inmates in the general population of the prison which created conflict between the Plaintiff and members of the prison gang "Universal Aryan Brotherhood" ("UAB"). Plaintiff sought assistance from prison officials but was denied any relief from his situation. On March 22, 2005 a riot broke out in the prison recreation yard and the Plaintiff was stabbed by members of the UAB gang. Plaintiff now sues for failure to protect

by prison officials.

## D. CAUSE OF ACTION

COUNT I: Violation of 8th Amendment to U.S. Const.

Supporting Facts:

1. Defendant Oklahoma Department of Corrections ("ODOC") had a moral and constitutional duty to protect Plaintiff from assault.
2. Defendants Watkins, Bradford, Adney, O'Dell, James, Cotton, Ward, and Corrections Corporation of America ("CCA") had a moral and constitutional duty to protect Plaintiff from assault.
3. In February 2005 the Plaintiff was transferred to the Cimarron Correctional Facility ("CCF") by Defendant ODOC.
4. The CCF prison was owned and operated by the defendant CCA.
5. Defendant O'Dell was responsible for the daily operation and policy-making at CCF.
6. Defendant O'Dell was employed by defendant CCA.
7. Defendant Watkins was responsible for the unit managers and case managers at CCF, including defendants Bradford, James, Adney, Cotton.
8. Defendant Watkins was employed by defendant CCA.
9. Defendant Adney was the Unit Manager of Plaintiff's housing unit at CCF.
10. Defendant Bradford was Plaintiff's assigned Case Manager at CCF.
11. The individuals listed in Para. 9 & 10 were no longer assigned to Plaintiff by March 22, 2005.
12. Prior to moving to the housing unit where Plaintiff was assigned on March 22, 2005 the Plaintiff requested of both defendant Adney and Bradford to be moved into a cell with an inmate of caucausion ethnicity and was denied such.
13. When defendants Adney and Bradford denied Plaintiff's housing requests the Plaintiff approached defendant Watkins in her office and explained that inmate gangs (the "Universal Aryan Brother--hood") were threatening Plaintiff and that Plaintiff would be in danger if he was forced to continue housing with African Am--erican inmates.

-3-

14. Defendant Bradford declined to assist Plaintiff.
15. Plaintiff was moved to another unit in the prison upon which time defendants Cotton and James became his unit manager and case man--ager, respectively.
16. Defendants Cotton and James were employed by defendant CCA.
17. Plaintiff was again assigned in the new unit to live with an African American inmate who was a member of the Crip gang.
18. Plaintiff approached defendant James requesting reassignment to a cell with a caucasion inmate, to which James refused.
19. When the Plaintiff explained the situation to defendant Cotton, defendant Cotton became belligerent with Plaintiff, calling the Plaintiff a "racist".
20. On March 22, 2005 the UAB gang and other caucasion inmates and African American gangs started a riot in the prison recreation yard using weapons such as baseball bats and sharpened metal instruments upon each other.
21. The Plaintiff who was present during the riot was stabbed once in the chest by a UAB gangmember named "Shane".
22. Had prison officials including the defendants protected the Plaintiff and removed him from the general population prior to the prison riot Plaintiff likely would not have been injured.
23. Prison officials knew of a substantial risk of harm including the defendants prior to and during the riot to the Plaintiff.
24. Despite knowing of a substantial risk of harm the defendants took no measures to protect Plaintiff from harm.
25. Defendants CCA, O'Dell, and ODOC were responsible for providing Plaintiff a safe environment.
26. Defendants CCA, O'Dell and ODOC knew of a prior disturbance at the prison between the UAB gang and African American inmates.
27. Defendants CCA and O'Dell knew or should have known that the UAB inmates would harm Plaintiff for being housed with an African American inmate due to his sexual orientation.
28. The defendants are liable for Plaintiff's injuries.
29. The defendants actions violated the 8th Amendment to the U.S. Constitution.
30. The defendants showed deliberate indifference to Plaintiff's safety.

## E. REQUESTED RELIEF

1. Award Compensatory Damages of $200,000.00 against the defendants collectively.
2. Award Punitive Damages of $100,000.00 against defendants CCA, O'Dell, Bradford, James, Adney, Cotton in their individual capacities.
3. Grant declaratory relief against defendant ODOC stating their conduct was unconstitutional.

---------------------------------------------------------------

Respectfully,

Jeremy Pinson

## DECLARATION UNDER PENALTY OF PERJURY

I declare, certify, and state that all of the foregoing is true and correct under penalty of perjury pursuant to 28 U.S.C. 1746.

Jeremy Pinson

Executed this 14th day of May 2008, at Victorville, California.

Jeremy Pinson

-5-

Jeremy Pinson #16267-064
United States Penitentiary
P.O. Box 5500
Adelanto, CA, 92301

Legal Mail

**RECEIVED**
MAY 27 2008
Clerk, U.S. District Court
WEST. DIST. OF OKLA.

Clerk, U.S. District Court
1210 U.S. Courthouse
200 NW 4th Street
Oklahoma City, OK, 73102